IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSHUA PRICE,

      Plaintiff,

v.                                          CASE NO.:

EAGER BEAVER PROFESSIONAL
TREE CARE, LLC,

      Defendant.
_____/

## COMPLAINT

Plaintiff, Joshua Price, (hereinafter referred to as the "Plaintiff" or "Price"), by and through his undersigned attorney, sues the Defendant, Eager Beaver Professional Tree Care, LLC (hereinafter referred to as the "Defendant" or "Eager Beaver"), and submits his Complaint which alleges the following:

### INTRODUCTION

1. Plaintiff brings this action for discrimination and interference in violation of his federally protected rights under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; and the Florida Workers' Compensation Retaliation Statute - § 440.205, Florida Statutes.

### JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant

1

to 29 U.S.C. § 2617(a)(2) and 42 U.S.C. §§ 12111-12117, 12203.

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

5. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

6. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

7. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202129387) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100535) on May 6, 2021. On November 2, 2021, Plaintiff received Notice of Determination from FCHR pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90-day Notice of Right to Sue letter from the EEOC which was received on June 14, 2022.

## *PARTIES*

8. Plaintiff is a Caucasian male and a citizen of the State of Florida, Escambia County and who resides in Pensacola, Florida.

9. Defendant, Eager Beaver, is a private for-profit business that is licensed to do and does business in Florida, Escambia County.

## GENERAL FACTS

10. Plaintiff is an African American male.

11. Plaintiff was employed by Defendant in Pensacola, Florida from March 9, 2021 until March 25, 2021.

12. During Plaintiff's employment with Defendant, he worked as a Grounds man.

13. Plaintiff had not been the subject of any disciplinary action and he performed the duties and responsibilities of his position in a satisfactory manner.

14. Plaintiff had numerous responsibilities including, but not limited to, operating a variety of vehicles, keeping up with fluid levels in vehicles that he operated, and utilizing a variety of power tools.

15. Plaintiff was assigned to the tree care division.

16. On March 24, 2021, during the course and scope of his employment with Defendant, Plaintiff was unexpectedly hit with by a tree after it was cut in his close proximity.

17. The incident occurred in front of a number of the other employees working on site with him that day including the operations manager, Howard Jacques.

18. At the time of the accident, Plaintiff could feel a sharp pain migrating down his back, but he continued to work.

19. After being hit by the tree, Mr. Jacques did not ask Plaintiff if he needed medical assistance.

20. After performing the days' work duties, the pain in Plaintiff's back only became worse to the point it was difficult to perform normal daily functions.

21. The following day Plaintiff contacted his supervisor and requested from him the day off due to the pain from the injuries he sustained the day before.

22. Plaintiff informed him that his back was hurt, and he was having difficulty walking, bending and generally moving around.

23. Since it was a work-related incident, Plaintiff also inquired about filing a workers compensation claim to get medical assistance for his injuries.

24. Approximately four hours later, Plaintiff was contacted and informed that his position with Defendant had been terminated.

FIRST CAUSE OF ACTION
*DISABILITY DISCRIMINATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 24 of this complaint with the same force and effect as if set forth herein.

26. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*,

prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

27. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than fifteen (15) employees.

28. As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

29. Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability perceived or otherwise.

30. Plaintiff suffered from an injury to his back that resulted in his inability to walk, bend, lift or generally move around.

31. Plaintiff's back injury is an impairment and disability within the meaning of the ADA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

32. Plaintiff's back injury substantially limited his ability to perform the major life functions of self-care, working, lifting and working.

33. Upon learning of Plaintiff's back injury and requested accommodations, Defendant was under an obligation to engage in a good faith

interactive process with Plaintiff to determine the reasonableness of his requested accommodation.

34. Defendant failed to engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's back injury nor did Defendant "explore potential accommodations" to overcome those limitations.

35. Defendant's termination and disqualification of Plaintiff's employment on March 25, 2021, just one day after his injury, on the basis of his disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable him to be employed by Defendant, violated the ADA.

36. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

37. The adverse personnel action, the termination of Plaintiff's employment, clearly violated his statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act, (ADA).

38. As a result of the Defendant's violations of the ADA, Plaintiff has

been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

## SECOND CAUSE OF ACTION
*DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA)*

39. Plaintiff repeats and re-alleges each allegation contained in paragraphs 7 through 24 of this complaint with the same force and effect as if set forth herein.

40. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

41. Defendant terminated and disqualified Plaintiff from his employment in retaliation for questioning and objecting to Defendant's failure to discuss his accommodation requests and for requesting an accommodation.

42. Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

43. When Plaintiff provided Defendant with sufficient information regarding his back injury and requested a reasonable good faith accommodation, Plaintiff's requests became and were considered a statutorily protected activity under the ADA.

44. Plaintiff questioned and objected to Defendant's failure to reasonably discuss his accommodation requests.

45. Defendant's March 25, 2021, termination and disqualification of Plaintiff's employment was in retaliation for his seeking a good faith accommodation, his objecting to Defendant's discriminatory practices regarding his disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

46. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination is entirely *pretextual* for Defendant's retaliation against him for engaging in the statutory protective activity of requesting a reasonable accommodation.

*THIRD CAUSE OF ACTION*
(*FLA. STAT. § 440.205 Florida Workers' Compensation Retaliation Claim*)

47. Plaintiff repeats and re-alleges each allegation contained in paragraphs 8 through 24 of this complaint with the same force and effect as if set forth herein.

*48.* Defendant's conduct and commissions constitutes intentional discrimination and unlawful employment practices based upon Workers' Compensation Law. FLA. STAT. § 440.205.

49. Florida's Workers' Compensation Law ("§ 440.205") sets forth that:

No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

50. Plaintiff made a valid claim for compensation.

51. Plaintiff engaged in protected activity when he reported to Defendant and thereafter attempted to claim compensation for a work-related injury.

52. In retaliation, Defendant proceeded to discharge Plaintiff for engaging in the protected act of notifying and requesting workers compensation benefits.

53. Defendant's termination of Plaintiff is in direct response to Plaintiff having reported his work-related injury and having requested workers compensation benefits as a result.

54. Defendant's action were retaliatory in nature and any stated legitimate business reasons for Plaintiff's termination are pretextual as Defendant discharged Plaintiff for engaging in the protected act of notifying and requesting workers compensation benefits.

55. Defendant's actions were with malice and with reckless disregard for Plaintiff's statutorily protected rights.

56. Defendant terminated Plaintiff on March 25, 2021, one day after Plaintiff's workplace injury and request for worker's compensation benefits.

57. Plaintiff is now suffering and will continue to suffer irreparable injury

and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a)    Declaring the acts and practices complained of herein are violation of the ADA and Workers' Compensation Law. FLA. STAT. § 440.205;

    b)    Enjoining and permanently restraining those violations of the; ADA Workers' Compensation Law. FLA. STAT. § 440.205;

    c)    Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

    d)    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to the ADA; and Workers' Compensation Law. FLA. STAT. § 440.205;

    e)    Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and

other compensation, plus interest thereon at the statutory rate, pursuant to the FMLA and ADA; FLA. STAT. § 440.205;

f) Awarding compensatory damages in the amount of the above-requested award, pursuant to the ADA and FLA. STAT. § 440.205;

g) Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADA; and FLA. STAT. § 440.205;

h) Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADA, FMLA and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

i) Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: September 8, 2022.   By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, PLLC**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388
*Attorney for Plaintiff*